Prepared by State Reporter from Appeal Papers

WILLIAM BARBER, Appellant, *v.* A. SCHRADER's SON, INCORPORATED, Respondent.

*Accounting — royalties — action for accounting of royalties under license to manufacture patented devices.*

*Barber* v. *Schrader's Son, Inc.,* 215 App. Div. 785, affirmed.
(Argued February 28, 1927; decided March 29, 1927.)

APPEAL from a judgment, entered October 18, 1925, upon an order of the Appellate Division of the Supreme Court in the second judicial department, modifying and affirming as modified an interlocutory judgment entered upon a decision of the court on trial at Special Term, in an action for an accounting of royalties claimed by plaintiff to be due under a written contract whereby defendant was licensed to manufacture certain devices embodying an invention covered by a patent issued to the plaintiff.

*Louis R. Bick* and *Samuel E. Darby* for appellant.

*Frank M. Avery, Franklin G. Manley* and *Talbot M. Malcolm* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

MARY C. MIDDENDORF, as Administratrix of the Estate of FRANK X. MIDDENDORF, Deceased, Respondent, *v.* INTERNATIONAL RAILWAY COMPANY, Appellant.

*Negligence — railroads — pedestrian killed by street railway car while crossing street — contributory negligence.*

*Middendorf* v. *International Ry. Co.,* 218 App. Div. 218, affirmed.
(Argued February 28, 1927; decided March 29, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 18, 1926, unanimously affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for the death of plaintiff's

intestate alleged to have been occasioned through the negligence of defendant. Intestate, while crossing Fillmore avenue in the city of Buffalo from west to east, about forty feet south of its intersection with Northland avenue, but directly opposite a regular stopping place for north-bound cars, was struck by one of defendant's cars proceeding north, and received injuries resulting in his death. Defendant contended that intestate was guilty of contributory negligence as matter of law.

*Noel S. Symons, John J. K. Caskie* and *Raymond C. Vaughan* for appellant.

*Hamilton Ward* and *Dana L. Spring* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE and LEHMAN, JJ. Dissenting: ANDREWS, KELLOGG and O'BRIEN, JJ.

---

SYDNEY BEVIN et al., Respondents, *v.* HENRY STEERS SAND & GRAVEL COMPANY, INC., Defendant, and HENRY STEERS, INC., Appellant. (Actions Nos. 1 and 2.)

*Landlord and tenant — lease — real property — lease of land with privilege to remove sand and gravel at fixed rate per square yard but providing for minimum rental irrespective of amount removed — removal and payment for material in excess of amount of minimum rental for term — exhaustion of deposit and removal of lessee giving notice of cancellation — action by landlord to recover minimum rent reserved.*

*Bevin* v. *Steers Sand & Gravel Co., Inc.,* 218 App. Div. 502, affirmed. (Argued February 28, 1927; decided March 29, 1927.)

APPEAL, in each of the above-entitled actions, from a judgment entered December 22, 1926, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of defendant-appellant, entered upon a dismissal of the complaint by the court at a Trial Term and directing judgment in favor of plaintiffs. The actions were to recover rent alleged to be due under a lease of lands for a term of years with the privilege to remove sand and